Doe on the demise of AMELIA KIRKMAN *v.* JOSEPH H. DIXON and another.

When one of the parties to a cause is not ready for trial and upon his application, it is ordered to be continued for him "on payment of costs," it means the costs of the term, and not the whole costs of the action.

This was an action of ejectment under the former system of procedure, when the following proceedings took place :

At a special Term of CRAVEN Superior Court, in June, 1870, this case being reached, the plaintiff's counsel stated that he was not ready for trial because his associate counsel had just been called to Wilmington, and had inadvertently left all his client's papers locked up, and the plaintiff could not try without them. Thereupon the following order was made, " continued for plaintiff on payment of costs."

At the ensuing Fall Term of the Court before his Honor, *Judge Clarke*, the cause having been set for trial on Wednesday of the 2d week, the counsel for the.plaintiff moved his Honor to rescind the former order. This he declined to do, but ordered that the plaintiff should pay the costs of the special term in June, and not the whole costs of the cause, which order was immediately complied with, and the defendants appealed.

*Green*, for the defendants.
*Manly & Haughton*, for the plaintiff.

Pearson, C. J. At a special term of the Court, June 1870, plaintiff not being ready for trial, because of the want of his title deeds, which was accounted for to the satisfaction of his Honor, it was ordered that the case be continued, " for plaintiff, on payment of cost."

At Fall Term, 1870, his Honor ruled that the trial should proceed, provided the plaintiff paid into Court the cost of the preceding term.

It was the province of his Honor to put a construction upon the terms of continuance, " continued for plaintiff, on payment of costs;" did this mean the costs of the term, or all of the costs of the case; we concur with his Honor. In the ambiguity of words, it was his duty to look at the attendant circumstances, and it is a matter of every day occurrence on the circuit, if through the laches of the party, and especially of his counsel, the trial is delayed, he must pay the costs—that is, the cost incident to the delay—to-wit, of the term, and no one ever before imagined that such general words, would include the whole costs of the action, for the reason that such penalty would exceed the damage done by the laches of the party.

No error.

Per Curiam.                    Judgment affirmed.